UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MARK WILLIAM BOWEN,

Plaintiff,

v.

UNUM INSURANCE COMPANY,

Defendant.

Case No. 25-CV-3789 (PJS/EMB)

ORDER

---

Mark William Bowen, pro se.

Jacqueline J. Herring and Margaret Ann Santos, HINSHAW & CULBERTSON LLP, for defendant.

Plaintiff Mark William Bowen brought this action to recover disability-insurance benefits under a group policy issued and administered by defendant Unum Life Insurance Company of America ("Unum").[1]  This matter is before the Court on Unum's motion to dismiss.  ECF No. 13.  For the reasons that follow, Unum's motion is granted.

## I.   BACKGROUND

For nearly three decades, Bowen served as senior pastor at Evergreen Community Church ("Evergreen") and participated in Evergreen's group disability-insurance plan (the "Group Policy").  Compl. ¶¶ 3–5, ECF No. 1-2.  Bowen became disabled on February 12, 2021, due to complications from a neck injury.  *Id.* ¶ 3; *see also*

---

[1]Bowen's complaint incorrectly identifies the defendant as "Unum Insurance Company."  *See* ECF No. 1 at 1; ECF No. 25 at 1.

Pl.'s App. A at 2–3, ECF No. 23.  Bowen filed a claim for disability benefits, which Unum paid for several months.  *See* Compl. ¶ 10.  But on August 9, 2021, Unum notified Bowen that his benefits were being terminated because Unum had determined that Bowen no longer met the Group Policy's definition of "disability."  Deft.'s Ex. 1 at 2, ECF No. 16-1.

Bowen retained counsel and administratively appealed Unum's decision on August 31, 2022, more than a year after Unum cut off his benefits.  ECF No. 22 at 1; *see also* Pl.'s App. A.  Unum affirmed its denial of benefits nine days later, on September 9, 2022.  *See* ECF No. 22 at 3.  Although Bowen says that he and his attorney "had agreed to proceed with litigation if necessary," this plan was derailed when Bowen's attorney was diagnosed with cancer, underwent treatment, and then passed away in March 2024. *Id.* at 1–2.[2]

After his attorney's death, Bowen was unable to find a new attorney to represent him "on either a contingency or hourly fee basis."  *Id.* at 2.  Eventually, Bowen decided to represent himself.  *Id.* at 2–3.  He filed this pro se action against Unum on September 9, 2025, seeking 33 months' of "wrongfully denied" benefits, plus interest, legal fees, costs, and punitive damages.  *See generally* Compl.

---

[2]Bowen does not explain why his attorney was able to file an administrative appeal on August 31, 2022 but was unable to file a lawsuit on September 10, 2022, or any day thereafter.

Unum moves to dismiss Bowen's complaint, arguing that his claims are barred under the Group Policy's "Time Limits for Legal Proceedings" provision:

> You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the later of when original proof of your claim was first required to have been given; or your claim was denied; or your benefits were terminated, unless otherwise provided under federal law.

Notice of Removal Ex. A at 19, ECF No. 1-1 ("Grp. Pol'y").[3]

## II.  ANALYSIS

### A.  Standard of Review

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Drobnak v. Andersen Corp.*, 561 F.3d 778, 781 (8th Cir. 2009).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.

A court may dismiss a claim as untimely on a Rule 12(b)(6) motion only if it "is apparent on the face of the complaint" that the applicable limitations period has

---

[3]When citing to the "Grp. Pol'y," the Court cites to the electronically generated page numbers at the top of the page.

expired.  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)).  The "face of the complaint" generally includes "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Zean*, 858 F.3d at 526 (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)); *cf.* Fed. R. Civ. P. 12(d) (requiring a motion to dismiss "be treated as one for summary judgment" if "matters outside the pleadings are presented to and not excluded by the court").[4]

## B.  *Contractual Limitations Period*

Unum's sole argument for dismissal is that Bowen's claims are barred by the Group Policy's three-year limitations period.  To determine whether a "complaint is self-defeating" based on a limitations-period defense, "a court must identify the

---

[4]Here, both parties submitted documents for the Court to consider, including the Group Policy and correspondence about Bowen's claim.  *See* ECF No. 15 at 2 (arguing that the Group Policy and August 9, 2021, denial letter are documents "embraced by the pleadings"); Pl.'s App. A (attaching Bowen's appeal of Unum's benefits determination dated August 31, 2022).  Neither party challenges the authenticity of these documents, and the Court finds that they are embraced by the complaint.  *See, e.g., Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss."); *Zean*, 858 F.3d at 526–27 (concluding that documents which "reflect[ed] an aspect of the parties' contractual relationship" were embraced by the complaint and properly considered on a motion to dismiss); *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1033 (8th Cir. 2022) (concluding that "the life insurance policy, the draft agreement, and the communications between the parties" qualified as "documents necessarily embraced by the complaint") (quoting *Zean*, 858 F.3d at 526).

relevant limitations period, the date the action was commenced, and the date the plaintiff's claims accrued." *Untiedt's Vegetable Farm, Inc. v. S. Impact, LLC*, 493 F. Supp. 3d 764, 767 (D. Minn. 2020) (quotation omitted).

The parties agree that "the relevant limitations period" is three years and that this "action was commenced" on September 9, 2025. *Id.*; *see also* ECF Nos. 15, 22. The Group Policy provides that Bowen's claims accrued on the latest of three dates: (1) the date on which "original proof of [the] claim was first required to have been given"; (2) the date on which the claim was denied; or (3) the date on which benefits were terminated. Grp. Pol'y at 19. Bowen does not challenge Unum's determination that the latest of the three dates was February 12, 2022—the date when Bowen was "first required" to provide "original proof of [his] claim." *Id.*[5] Accordingly, Bowen's three-year window to bring suit closed on February 12, 2025. Because Bowen did not file or serve his complaint until September 9, 2025—nearly seven months later—his claims are barred.

That should be the end of the matter, but Bowen raises two arguments challenging the application of the limitations period. First, Bowen contends that the

---

[5]Under the Policy, a claimant must provide original proof of his claim "no later than one year after the date [his] disability begins." Grp. Pol'y at 10. Bowen alleged that he became disabled on February 12, 2021, Compl. ¶ 3, meaning that original proof of his claim was due on February 12, 2022. The other possible triggers—when Bowen's claim was denied or his benefits were terminated—both occurred on August 9, 2021.

contractual limitations period should be equitably tolled in light of the death of his attorney after an "18-month period of severe illness," his fruitless search for new counsel, and "the limits imposed by [his] disability." ECF No. 22 at 2–4. The parties agree—and the Group Policy provides—that Minnesota law governs this issue. *See* Grp. Pol'y at 17; Compl. ¶ 6; ECF No. 25 at 7.

Minnesota's standard for equitable tolling "is necessarily a high one." *Sanchez v. State*, 816 N.W.2d 550, 561 (Minn. 2012); *see also Minn. Laborers Health & Welfare Fund v. Granite Re, Inc.*, 844 N.W.2d 509, 514 (Minn. 2014) ("Under most circumstances, the expiration of a limitations period is an absolute bar to the plaintiff's claim."). Under Minnesota law, equitable tolling applies "only when some factor completely outside the claimant's control prevented him from meeting a statutory deadline." *Sanchez*, 816 N.W.2d at 561.

Although the Court has sympathy for Bowen, his circumstances plainly do not meet this "high" standard. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (stating that the doctrine of equitable tolling cannot be invoked "out of a vague sympathy for particular litigants"). True, in some cases, the death or incapacity of an attorney may provide a basis for equitable tolling.[6] But this is not such a case. Bowen's

---

[6]*Compare Doherty v. Teamsters Pension Tr. Fund*, 16 F.3d 1386, 1394 (3d Cir. 1994) (concluding that equitable tolling of an arbitration filing deadline may be justified when a case was "filed in the wrong forum by a lawyer and law firm under the extreme

(continued...)

attorney died almost a *year* before the limitations period expired, giving Bowen ample time to find a new attorney or bring a pro se action (as he eventually did).[7]  Whatever hardship flowed from the death of his attorney, Bowen has not shown that this hardship prevented him from meeting the Group Policy's deadline.

Similarly, the inability to find substitute counsel is not the type of "extraordinary circumstance" that warrants equitable tolling.  *Sanchez*, 816 N.W.2d at 562; *cf. T.D. v. A.K.*, 677 N.W.2d 110, 113 (Minn. Ct. App. 2004) (concluding that "failing to obtain an attorney" did not qualify as "good cause" to extend the 30-day statutory period to initiate a paternity action); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").  Every year, many thousands of potential plaintiffs try without success to find lawyers to represent them.  That does not

---

[6](...continued)
duress caused by the illness and death of the lawyer during the proceeding") *and Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995) ("If [the plaintiff] pursued his claim diligently, yet was abandoned by his attorney due to his attorney's mental illness, equitable tolling may be appropriate."), *with Modrowski v. Mote*, 322 F.3d 965, 967–68 (7th Cir. 2003) (holding that "attorney incapacity is equivalent to attorney negligence for equitable tolling purposes," and reinforcing the "long-standing determination" that "attorney negligence is not grounds for equitable tolling") (emphasis omitted).

[7]The Court assumes that, some weeks or months before his attorney died, Bowen knew—or reasonably should have known—that his attorney was not going to be able to represent him, but it does not matter for purposes of ruling on Unum's motion.

mean that the limitations periods that apply to the claims of those potential plaintiffs are tolled until they either find an attorney or decide to file a pro se action.

And finally, "the limits imposed by [Bowen's] disability" are not a basis for equitable tolling.  ECF No. 22 at 3–4; *see, e.g.*, *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (declining to apply equitable tolling in social security case because "[a]llowing disability claimants who have been denied benefits to toll the [limitations] period on grounds of poor health" would "thoroughly undermine" the applicable limitations period).  Bowen filed this lawsuit in September 2025, and he does not suggest that his disability precluded him from filing this lawsuit during the 11 months after his attorney died in March 2024 (or, for that matter, at any time *before* his attorney died).  *Cf. Munt v. State*, 984 N.W.2d 242, 248–49 (Minn. 2023) (declining to equitably toll statutory deadline to file for postconviction relief because even if the petitioner had identified an "extraordinary circumstance," he "offer[ed] no compelling reason why the circumstances prevented the timely filing of his petition") (emphasis omitted).  For these reasons, the Court finds no basis to equitably toll the Group Policy's three-year limitations period.

Second, Bowen disputes the enforceability of the limitations period.  *See* ECF No. 22 at 4.  He contends that the Group Policy's "Appeal Procedures" required him to complete Unum's administrative appeal process before he could file suit, and argues

that it would therefore be "neither reasonable nor just to count that time against his

three-year limitations clock." *Id.*; *see also* Grp. Pol'y at 50–51.  In Bowen's view, the clock

should not have started running until Unum issued its final denial on September 9,

2022, which would mean that Bowen's complaint—filed on September 9, 2025—was

barely on time.  ECF No. 22 at 4.

Bowen's argument fails for at least two reasons.  First, Bowen was not required

to exhaust Unum's "Appeal Procedures" because the Group Policy is not governed by

the Employee Retirement Income Security Act ("ERISA").  Grp. Pol'y at 49 (stating that

the "following provisions apply" only if the benefits are provided "under a Plan which

is subject to [ERISA]"); *see also* 29 U.S.C. §§ 1002(33), 1003(b)(2) (exempting qualifying

"church plan[s]" from most ERISA provisions).  Thus, the premise of Bowen's argument

is simply incorrect; he could have filed suit before Unum issued its final decision.

Second, even if the Group Policy *was* governed by ERISA, the Supreme Court

unanimously rejected an argument identical to Bowen's in *Heimeshoff v. Hartford Life &*

*Accident Insurance Co.*, 571 U.S. 99 (2013).  In *Heimeshoff*, as here, the plaintiff's disability-

insurance policy included a three-year limitations period that ran from the date that

proof of loss was due.  The policy was governed by ERISA, and thus the plaintiff was

required to exhaust the plan's administrative remedies before filing suit.  As the

Supreme Court explained, "[b]ecause proof of loss is due before a plan's administrative

process can be completed, the administrative exhaustion requirement will, in practice, shorten the contractual limitations period."  *Id.* at 102.

The Supreme Court found that the limitations provisions were nonetheless enforceable.  "Absent a controlling statute to the contrary," the Court held, "a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable."  *Id.* at 105–06; *see also id.* at 108 (noting that parties are allowed "to agree not only to the length of a limitations period but also to its commencement").  In support of its holding, the Court cited "[f]orty years of ERISA administration" and statutes from "the vast majority of States requir[ing] certain insurance policies to include 3-year limitation periods that run from the date proof of loss is due."  *Id.* at 113–16.[8]

In sum, the Group Policy's three-year limitations period is plainly enforceable, and Bowen did not file suit until long after that limitations period expired.  The Court therefore dismisses his complaint with prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[8]Minnesota law requires disability insurers to include a limitations period commencing "60 days after written proof of loss has been furnished" and expiring three years thereafter.  Minn. Stat. § 62A.04, subd. 2(11).

1.      Defendant's motion to dismiss [ECF No. 13] is GRANTED.

2.      Plaintiff's complaint [ECF No. 1-2] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 21, 2026                          /s/ Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge